IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIUS JAMES, # R-19702, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-463-JPG |
| | ) |
| RICHARD HARRINGTON, | ) |
| SALVADOR GODINEZ, | ) |
| and UNKNOWN PARTIES (Correctional | ) |
| Officer and Sergeant), | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently incarcerated at Pontiac Correctional Center ("Pontiac"). He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that while he was previously confined at Menard Correctional Center ("Menard"), Defendants failed to protect him from attack by a fellow inmate.

The complaint was filed on April 23, 2014. The final page of the complaint consists of an affidavit (Doc. 1, p. 8) in which Plaintiff makes additional allegations not included in the statement of claim. All of these allegations are summarized below.

According to the complaint, Plaintiff had first been threatened by inmate Aaron Smith in 2009. In 2010, Plaintiff wrote a grievance declaring Smith as an enemy (Doc. 1, p. 5).

On August 2, 2013, Plaintiff wrote an emergency grievance to Defendants Harrington (the Menard warden) and Godinez (Director of the Illinois Department of Corrections), alerting them to the danger he faced from Smith, and asking to be kept away from him. *Id*. In the affidavit, Plaintiff states this grievance also included complaints about "different inmates"

threatening to assault him (Doc. 1, p. 8).

On August 6, 2013, Plaintiff was assaulted by the inmate about whom he had complained in the August 2 grievance. *Id*. Plaintiff had included the attacker's name and I.D. number in his grievance. *Id*. In Plaintiff's affidavit, he never refers to Smith by name; however, he states that he was attacked three times by the same individual – on August 6, August 13, and October 15, 2013. *Id*. The Court thus infers that Smith was the attacker on each of these dates.

The second assault took place on August 13, 2013, when inmate Smith attacked Plaintiff (Doc. 1, pp. 5, 8). That same day (August 13), before going to the yard, Plaintiff told both an Unknown Party Correctional Officer and an Unknown Party Sergeant that he was in danger of attack (Doc. 1, pp. 5-6). It is not clear from the complaint whether these two requests for protection were made before or after Smith attacked Plaintiff.

Finally, Plaintiff was again attacked by Smith on October 15, 2013 (Doc. 1, p. 8).

The affidavit asserts generally that Plaintiff is still receiving threats from Smith and other inmates and fears another assault. *Id*. Further, unnamed prison staff are telling other inmates that Plaintiff is a snitch. *Id*.

Plaintiff seeks damages from each Defendant in his individual capacity (Doc. 1, p. 7).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, and giving them liberal construction, *see Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009), the Court finds that Plaintiff has articulated a colorable federal cause of action against each of the Defendants for

failure to protect him from the attacks by inmate Smith, after having received a specific warning from Plaintiff about the danger he faced from Smith.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

At this stage of the litigation, the complaint indicates that Plaintiff complained to Defendants Harrington and Godinez about the specific threat posed by inmate Smith prior to the first attack on August 6. That attack was followed by two more. It also appears that Plaintiff asked the Unknown Party Defendants for protection prior to the attack on August 13, 2013. Plaintiff may proceed on his claims against each of the Defendants, however, he must identify the Unknown Correctional Officer and Sergeant by name in an amended complaint in order to

seek any redress from them.

To the extent that Plaintiff may be attempting to assert claims based on continuing threats from Smith and other inmates, or for being labeled a "snitch" by prison staff, those claims are dismissed without prejudice. Plaintiff is now housed in a different institution from where the failure-to-protect claim arose. He does not identify any prison officials to whom he might have reported the ongoing threats, or who have failed to take action based on such information. Nor does he identify the officials who have allegedly placed him in danger by calling him a snitch. These general and vague allegations in Plaintiff's affidavit are insufficient to state a claim upon which relief may be granted, thus they shall not be addressed further in this action.

**Pending Motions**

The motion for leave to proceed *in forma pauperis* (IFP) (Doc. 2) shall be addressed in a separate order, after the Court receives Plaintiff's six-month inmate trust fund account information. Plaintiff was ordered to provide this information by June 16, 2014 (Doc. 5).

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion to inform courts (Doc. 6), filed on May 7, 2014, is **DENIED** without prejudice. Plaintiff states that on May 1, 2014, he sent a copy of the order at Doc. 5 to the Pontiac Trust Fund Office in an effort to obtain his six-month trust account information, but had received no response. The Clerk also mailed a copy of the order at Doc. 5 to the Pontiac Trust Fund Officer on April 30, 2014. Plaintiff waited less than a week before filing his motion. The Court expects that the Pontiac Trust Fund Officer will be able to provide the required information before the June 16 deadline, thus no further order is necessary at this time.

**Disposition**

The Clerk of Court shall prepare for Defendants **HARRINGTON** and **GODINEZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown Party Defendants (Correctional Officer and Sergeant) until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding any grant of his application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: May 16, 2014**

<u>s/ J. Phil Gilbert</u>
United States District Judge
