IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JULIUS JAMES, R19702,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )     Case No. 3:14-cv-00463-JPG-PMF |
| | ) |
| **RICHARD HARRINGTON,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## REPORT AND RECOMMENDATIONS

**FRAZIER, Magistrate Judge:**

    Before the Court is plaintiff Julius James' motion for leave to file an amended complaint. An initial merits review was conducted pursuant to 28 U.S.C. § 1915A and Judge Gilbert held that the plaintiff articulated a one count Eighth Amendment failure to protect claim against defendants Richard Harrington and Salvadore Godinez. The plaintiff also articulated the same claim against two unnamed defendants. The plaintiff now seeks to identify the unnamed defendants as Roger D. Pelker and Shane A. Quandt. Pursuant to Judge Gilbert's merits review order (Doc. 8) it is RECOMMENDED that Pelker and Quandt replace the John Doe defendants, be added to the docket sheet, and be served in accordance with the merits review order.

    The plaintiff's proposed amended complaint also seeks to add a denial of access to the courts claim against Sherry Benton. Prisoners have a right to reasonable access to the Courts under the First and Fourteenth Amendments. *See Bounds v. Smith,* 430 U.S. 817 (U.S. 1977). Plaintiff argues that Sherry Benton, as head of the Administrative Review Board in Springfield, destroyed one of his grievance slips and therefore denied him access to the Courts. However, "a prisoner asserting a denial of access claim must show an 'actual injury' in the form of interference with a 'nonfrivolous legal claim'." *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir.

2009) (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). Here, the plaintiff has not stated that he suffered any actual injury. Prisoners need only exhaust administrative remedies that are available, 42 U.S.C. § 1997e, and "a remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Potential misconduct by Sherry Benton may negate the affirmative defense of exhaustion of administrative remedies for the defendants, but the plaintiff has not been denied access to the courts.

## RECOMMENDATIONS

It is RECOMMENDED that Pelker and Quandt replace the John Doe defendants, be added to the docket sheet, and be served in accordance with the merits review order. It is also RECOMMENDED that the access to the courts claim against Sherry Benton be dismissed.

SO RECOMMENDED.

DATED:   December 23, 2014   .

s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**