IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIUS JAMES, R19702, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00463-JPG-PMF |
| ) | |
| RICHARD HARRINGTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 23) of Magistrate Judge Philip M. Frazier with regard to Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 18). The Plaintiff did not file any objections to the R & R; however, he filed a Motion to Inform the Courts (Doc. 21). The Motion to Inform the Courts does not contain any objections to the R & R, but appears to see a modification to the prayer for relief. The Court also notes that Defendants filed a Motion to Stay Dispositive Motion Deadline (Doc. 22) requesting 28 days after the ruling on Plaintiff's Motion for Leave to Amend for dispositive motions on the issue of exhaustion of administrative remedies.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court has received no objection to the Report and Recommendation. The Court has reviewed the entire file and finds that the R & R is not clearly erroneous. Accordingly, the Court hereby **ADOPTS** the Report in its entirety (Doc. 23) and **GRANTS** Plaintiff's Motion for Leave to File an

Amended Complaint (Doc. 18); however, the claim against Sherry Benton for alleged denial of access to the courts is **DISMISSED** without prejudice as insufficient to state a claim upon which relief may be granted for failing to show actual injury.

Plaintiff's Motion to Inform the Courts (Doc. 21) states that he filed a Motion to Amend his Complaint and that the Motion was pending.  The Motion then goes on and appears to request a modification of a prayer for relief, "If in the future damages is an issue.."  As such, the Motion is **DENIED** as premature.  The Plaintiff should refile when, or if, damages become an issue."

Defendants' Motion to Stay Dispositive Motion Deadline (Doc. 22) is **GRANTED** and the deadline for dispositive motions on the issue of exhaustion of administrative remedies is extended to **February 27, 2015**.

Based on the above, the Clerk of Court is **DIRECTED** to file Plaintiff's Amended Complaint and add defendants **PELKER** and **QUANDT** in place of the John Doe defendants on the docket sheet and serve these defendants in accordance with the merits review order (Doc. 8).

**IT IS SO ORDERED.**

**DATED:**  1/21/2015

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**