IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIUS JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 14-cv-00463-JPG-PMF |
| | ) |
| RICHARD HARRINGTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's Motion (Doc. 58) for Relief from Judgment or Order.  The Defendants did not file a response and the time for doing so has expired.

Plaintiff is *pro se* and the Court must liberally construe *pro se* pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).  Plaintiff did not state in his motion which judgment or order he is seeking the Court to reconsider.  However, a judgment has not been entered in this matter and based upon the context of the motion, the Court will construe the Plaintiff's Motion as a Motion for Reconsideration of the Memorandum and Order (Doc. 54) adopting the Report and Recommendation (Doc. 46) of Magistrate Judge Frazier.

The Court issued its Memorandum and Order (Doc. 54) adopting the Report and Recommendation and dismissing Defendants Pelker and Quandt without prejudice.  The dismissals were a result of Plaintiff's failure to exhaust his administrative remedies with regard to these defendants.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances

1

such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983));  Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous.  *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008);  *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

The Court did not receive any objection to the Report and Recommendation.  Plaintiff's motion states that he filed his objection through the prison on August 28, 2015, but the objection was never filed with the Court.  On September 23, 2015, Plaintiff filed a Motion (Doc. 56) for Leave for File 2nd Objection.  The Court denied leave finding that the objection contained the same issues raised in Plaintiff's Response (Doc. 34) to Defendant's Motion for Summary Judgment.  The motion at bar also contains the same issues in Plaintiff's response and motion for leave.

As such, Plaintiff has not demonstrated extraordinary circumstances such as new evidence or recent case law such that would render the Court's decision as clearly erroneous or would work a manifest injustice.

Therefore, Plaintiff's Motion (Doc. 58) for Relief from Judgment or Order is **DENIED.**

**IT IS SO ORDERED.**

**DATED:**   10/27/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
