IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JULIUS JAMES, R19702,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 3:14-cv-00463-JPG-PMF |
| | ) |
| **RICHARD HARRINGTON,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATIONS

**FRAZIER, Magistrate Judge:**

Before the Court is Plaintiff Julius James's motion for leave to file a second amended complaint (Doc. 50). James is currently proceeding on a single count Eighth Amendment failure to protect claim against defendant Harrington and Godinez. In his proposed second amended complaint, James seeks to revive his failure to protect claim against Correctional Officer Pelker and Correctional Officer Quandt. However James seems to ignore the fact that Pelker and Quandt were previously dismissed from this action because James failed to exhaust administrative remedies against them. *See* Docs. 46 and 54.

The proposed second amended complaint also includes a denial of access to the court claim against Sherry Benton, the Chairperson of the Illinois Department of Corrections Administrative Review Board. James states that Benton destroyed one of his grievances, thereby obstructing his access to the courts. James included this same denial of access to the courts claim against Benton in his first amended complaint, but the claim was dismissed when the amended complaint was screened pursuant to 28 U.S.C. § 1915A. James now attempts to revive this claim following the dismissal of Pelker and Quandt. James appears to argue that Benton destroyed his grievance, thereby preventing him from demonstrating that he exhausted administrative remedies

against Pelker and Quandt. Because Benton destroyed the grievance, the grievance process was unavailable to him and he should have been allowed to proceed. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Pelker and Quandt were dismissed because James did not properly identify those two individuals in his grievances. *See* Docs. 54, 46 and 32. The Seventh Circuit noted in *Dole* that

> Prison officials may not take unfair advantage of the exhaustion requirement … and a remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.

438 F.3d at 809. "Properly filed" is the key term here. A prison's failure to respond to a grievance or other prison staff misconduct will not "cure" a procedurally defective grievance. If the plaintiff is generally dissatisfied that Benton did not follow IDOC grievance procedures, this court is the wrong place to seek redress. "It is well established that the Eleventh Amendment prohibits a federal court from ordering state officials to conform their conduct to state law." *Komyatti v. Bayh*, 96 F.3d 955, 959 (7th Cir. 1996).

James's claims against Pelker and Quandt were previously dismissed from this case due to plaintiff's failure to exhaust administrative remedies against them. Nothing has happened in the interim that would justify reviving plaintiff's claims against the two. Plaintiff's claim against Benton also fails. Plaintiff argues that Benton obstructed him from pursuing his claims against Pelker and Quandt. However none of the plaintiff's grievances provide any information implicating the two in unconstitutional conduct. Plaintiff's grievances were already procedurally defective and a denial of access to the court claim against Benton fails to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## RECCOMENDATIONS

It is RECOMMENDED that the plaintiff's motion for leave to file a second amended complaint be DENIED (Doc. 50).

**SO RECOMMENDED.**

**DATED:**   October 28, 2015 .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**