IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIUS JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00463-JPG-PMF |
| ) | |
| RICHARD HARRINGTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 62) of Magistrate Judge Philip M. Frazier with regard to Plaintiff's Motion (Doc. 50) for Leave to File a Second Amended Complaint. Plaintiff filed a timely objection (Doc. 63) to the R & R.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As an objection has been filed, the Court will review those portions of the R & R *de novo*.

The R & R states that Plaintiff's proposed second amended complaint "also includes a denial of access to the court claim against Sherry Benton." Plaintiff's objection states that the Magistrate Judge "erroneously construed" his claim as such and that he was actually asserting a 8th Amendment claim for failure to protect against Ms. Benton. The Court agrees.

1

However, upon a de novo review of the proposed second amended complaint, the Court finds that the Plaintiff failed to comply with Local Rule 15.1 with regard to amended pleadings and also, that Plaintiff's second amended complaint fails to state a claim for relief against Ms. Benton due to his failure to exhaust administrative remedies. The Court has considered Plaintiff's objection which states that Ms. Benton should have been on notice due to the first amended complaint alleging a denial of access to the court; however, notice is not the issue.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

There is nothing in the proposed second amended complaint to indicate that Ms. Benton was aware of the threat to the Plaintiff. General and vague allegations that a defendant failed to protect are insufficient to state a claim upon which relief may be granted.

Based on the above, the Court hereby **REJECTS** the Report, but **ADOPTS** the Recommendation in its entirety (Doc. 62) based on the reasons stated above. Plaintiff's Motion (Doc. 50) for Leave to File a Second Amended Complaint is **DENIED**.

**IT IS SO ORDERED.**

DATED:  11/24/2015            *s/J. Phil Gilbert*
                              **J. PHIL GILBERT**
                              **DISTRICT JUDGE**